**Lawrence MOORE, Plaintiff–Appellant,**

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 58, et al., Defendants–Appellees.**

No. 02–2073.

United States Court of Appeals,
Sixth Circuit.

March 28, 2003.

Before DAUGHTREY and GIBBONS, Circuit Judges; and MILLS, District Judge.*

*ORDER*

Lawrence Moore, proceeding pro se, appeals a district court order awarding attorneys' fees to the defendants pursuant to 29 U.S.C. § 1132(g)(1) of the Employees Retirement Income Security Act ("ERISA").

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

Moore filed suit against the International Brotherhood of Electrical Workers Local 58, Jeff Radjewski, Thomas Mittelbrun, and several fringe benefit funds ("Funds") pursuant to ERISA and other statutes. Upon consideration of the pleadings, the district court granted the defendants' motions to dismiss, or, in the alternative, for summary judgment, and this court affirmed the district court's judgment on September 13, 2002, in Case No. 02–1503.

After the district court issued its judgment, the Funds and Mittelbrun filed a motion for attorneys' fees and costs on April 1, 2002, arguing in part that Moore was a vexatious litigant who had pursued frivolous labor claims for fifteen years in various jurisdictions. Moore did not file a response until July 29, 2002. Because Moore did not file a response within 14 days as required by court rules, the district court ordered Moore's response to be stricken from the record. On August 13, 2002, the district court awarded attorneys' fees to the Funds and Mittelbrun in the amount of $17,227.00, but denied the request for costs. The district court reasoned that a fee award was merited because Moore had brought his claims in bad faith, an award would deter other plan participants from filing frivolous actions, and an award would confer a common benefit on plan participants and beneficiaries who would otherwise bear the cost of defending frivolous litigation.

In his appeal, Moore raises numerous challenges to the award.

Upon review, we conclude that the district court's judgment must be affirmed. Because Moore failed to timely respond to the defendants' motion for attorneys' fees in the district court, he has waived any objection he had to the defendants' application for and the district court's award of attorneys' fees. *See Federal Deposit Ins. Corp. v. Binion,* 953 F.2d 1013, 1018 (6th Cir.1991).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.